[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON THE PLAINTIFFS' APPLICATION FOR TEMPORARY INJUNCTION
Pending before the court is the plaintiffs' application for a temporary injunction contesting actions taken at a shareholders meeting of the defendant Tallmadge Bros., Inc. On Jun. 27, 2001, the court made preliminary findings regarding the interpretation of the Norman R. Bloom Revocable Trust Indenture, the operative document at issue in this matter. As indicated at that time, the exigencies of the circumstances as presented by the unsettled status of the competing, corporate directors, as well as the unsettled status of their authority to act on behalf of the corporation and manage the corporation's affairs, prompts the court to issue an expedited, summary ruling. The court makes the following findings:
 1. Pursuant to the Norman R. Bloom Revocable Trust Indenture ("Trust"), three individual trusts were created for the benefit of Norman R. Bloom's children-Norman C., Steven and Robert. The terms of the trust made Hillard Bloom an "Independent Trustee" for each CT Page 8617 trust and each child was made a co-trustee or "Non-Independent Trustee" of his own, individual trust.
 2. In 1993, pursuant to the terms of the Trust and the provisions of Norman R. Bloom's will, 116 shares of common stock of Tallmadge Bros., Inc. were distributed to the three trusts. The stock certificates (Ex. 9) reflect that 38 shares (for a total of 114 shares) were distributed to each of the three trusts outright. The three stock certificates issued for each trust indicated that they were issued to "Hillard E. Bloom, trustee of the trust for the benefit" of the respective beneficiary. However, this designation which suggested that Hillard E. Bloom was the sole trustee was erroneous because there is no dispute that he was only a co-trustee for each of the children's trusts under the provisions of the Trust.
 3. After the distribution of 114 shares to the trusts, two shares remained as Connecticut did not recognize fractional shares in 1993. Through a separate stock certificate, these two shares were distributed to the three trusts as "tenants in common." Again, although Hillard E. Bloom was not the sole trustee, this stock certificate only named him as the trustee and did not name the co-trustees of the trusts.
4. Hillard Bloom owned the remaining 116 shares of Tallmadge Bros., Inc.
 5. During the years following 1993, Hillard B. Bloom was replaced as the Independent Trustee for the children's trusts and there is no claim that he now holds any interest in or has any control over the 114 shares which were issued to the trusts outright.
 6. On April 3, 2001, Hillard Bloom (or those representing interests in the 116 shares retained by him) issued a notice scheduling a shareholders' meeting for April 16, 2001. There is no dispute that a quorum for this meeting required a majority of the shares entitled to vote (see Section 33-709a of the Connecticut General Statutes). When the meeting was held, this quorum was purportedly established by Hillard Bloom exercising his voting interests in the 116 shares held by him or his family and in the two shares held "as tenants in common" by the children's trusts.
 7. At this April 16, 2001 shareholders' meeting, the 118 shares were voted to remove the plaintiffs as directors of the corporation and to replace them with the defendants Hillard Bloom, William Ziegler, Donald McNicol, Leshe Milkovich, Penny Mola. Hillard Bloom was the only person who was a director both prior to and after this CT Page 8618 shareholder meeting.
 8. The vote taken at the April 16, 2001 shareholders' meeting was not a valid act of the corporation's shareholders because the requisite 50% quorum was not present. There was no quorum because the two shares held by the children's trusts as "tenants in common" were in fact legally held by the children's trusts, and not by Hillard Bloom as trustee because he had been removed as trustee of these trusts. Hillard Bloom had no legal basis for voting these two shares at the shareholders meeting.
 9. The defendants' claim that Hillard Bloom had the legal right to vote these two shares because the Trust created a fourth trust, a "common interest trust," for which Hillard Bloom was the sole trustee. According to the defendants, this common interest trust held the two shares in trust for the children's three trusts. The defendants rely primarily on Article VII, Section 19 for this position:
 "NO REQUIREMENT FOR PHYSICAL SEPARATION OF PROPERTY: In any case in which the Trustees are required or permitted to divide any property held hereunder in to trusts or shares, they shall not be required physically to divide any of the investments or other property, but may keep the same or any part thereof in one fund in which the separate and distinct trust and share shall have an undivided interest."
 10. The plain and obvious language of this provision of the Trust clearly indicates that no fourth "common interest trust" is created or contemplated. This provision indicates that the three trusts themselves may hold property in one fund rather than having property divided equally among the trusts. As the court explained on the record regarding this issue, the defendants' construction of the trust as creating a common interest trust finds no basis in the language of the Trust document. Moreover, the defendant's construction is contrary to the clear intent of the settlor that the property not only be divided equally among the three trusts to the extent possible, but also that such property be held in trusts where the children themselves are co-trustees.
 11. Irreparable injury will be caused in the absence of preliminary, injunctive relief, and legal remedies are inadequate. The plaintiffs have established a probability of success on the merits and the balance of any hardships tips in favor of granting the plaintiffs' request for relief.
 ORDERS
CT Page 8619
Therefore, the plaintiffs' application for a temporary injunction isgranted. The court vacates the preliminary order issued on May 2, 2001, and issues the following order of injunctive relief: The defendants William Ziegler, Donald McNicol, Leslie Milkovich, and Penny Mola are precluded from taking any action as directors of Tallmadge Bros., Inc. and these defendants are further precluded from interfering with the functions of the existing Board of Directors of Tallmadge Bros., Inc.
The posting of a bond by the plaintiffs is hereby waived.
Dated the 29th day of June 2001.
 ___________________ STEVENS, JUDGE